**LULAC COUNCILS 4433 & 4436, Raymond Rubio, Anthony Martinez, and Carmen Parker**

v.

**CITY OF GALVESTON.**

**Civil Action No. G–96–085.**

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 15, 1996.

---

Anthony P. Griffin, Attorney at Law, Galveston, TX, for plaintiffs Lulac Councils 4433, Lulac Councils 4433 & 4436, Raymond Rubio, Anthony Martinez, Carmen Parker.

John Edward Eckel, Mills Shirley Eckel & Bassett, Galveston, TX, for defendant City of Galveston, Texas.

### ORDER

KENT, District Judge.

Plaintiffs commenced this action under Title VII of the Civil Rights Act of 1964, alleging discrimination in the employment setting by Defendant, City of Galveston, Texas. Now before the Court are Defendant's May 16, 1996 Motion to Dismiss claims by Plaintiffs Lulac Councils 4433 and 4436 for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6) and Plaintiffs' June 21, 1996 Motion for Leave to Amend Complaint and to File Plaintiffs' First Amended Complaint. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' Motion for Leave to Amend is **DENIED.**

On May 16, 1996, Defendant submitted a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs did not respond by the close of business on June 5, 1996, which is when Defendant's Motion was submitted for consideration in accordance with the Local Rules of the Southern District of Texas. *See* S.D.Tex.R. 6.D ("Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel."); *see also* S.D.Tex.R. 6.E(1) ("Responses to motions ... [m]ust be filed by the submission day...."). An untimely response was filed on June 10, 1996.

The Local Rules of the Southern District of Texas direct this Court to treat Defendant's Motion to Dismiss as unopposed, and the Court was inclined to do so. *See* S.D.Tex.R. 6.E. ("Failure to respond [to a motion] will be taken as a representation of no opposition."). The Court, however, granted Plaintiffs leave to submit a written explanation as to why their response should not be stricken for untimeliness.

■ On June 21, 1996, Plaintiffs timely submitted their Motion Directed to the Untimeliness of the Plaintiffs' Response to the Defendant's Motion to Dismiss, in which Plaintiffs' counsel offers as an explanation for the lateness the excuse that he is basically very busy. The Court is unimpressed and unmoved by this explanation. This case represents yet another instance in a growing list of instances in which Plaintiffs' counsel has either failed to respond or has been late in responding to mandatory deadlines. Counsel has offered this excuse that he is too busy to respond to deadlines for so long that it has lost all legitimacy and vitality before this Court. Counsel's conduct suggests that he believes that the only Rules and Orders that bind him are the ones he chooses to observe. If counsel henceforth wants to pick and choose which obligations he will timely fulfill, he can explain that to his own clients and suffer the consequences of his choices. Counsel's repeated "I'm really busy" excuse is so persistent that it amounts to a near confession of professional malpractice. The Court admonishes counsel once again that if he fails to meet future deadlines in this case, the Court will strike the pleadings and dismiss all claims with prejudice.

For the reasons set forth above, Plaintiffs' explanation for their lateness in responding is not accepted, and the Court shall **STRIKE** the Response and treat the Motion as unopposed. Even if the Court were to consider the Response, however, it would have no impact on the Court's decision to grant the Motion because it is strikingly lacking in usefulness to this Court. Defendant bases its Motion to Dismiss the claims by the Lulac Councils Plaintiffs on the fact that these Plaintiffs are not employees of the Defendant and have no standing to bring suit individually. In the Response, Plaintiffs argue that they should be permitted to amend their Complaint to clearly place Title VI before the Court, particularly as it relates to the injunctive relief sought in this case, or, in the alternative, that the Lulac Plaintiffs are already proper parties to the suit. In support of the first argument, Plaintiffs cite a Massachusetts District Court case that has no binding effect on this Court. It must be emphasized that Plaintiffs merely *cite* the case and include a parenthetical regarding its holding but offer no explanation or argument as to how the case would apply to the case at hand. In support of the second argument in the Response, Plaintiffs rely on *General Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 402 n. 22, 102 S.Ct. 3141, 3156, n. 22, 73 L.Ed.2d 835 (1982), in which the Supreme

Court, in a footnote, declined to address the issue of the standing of the Commonwealth of Pennsylvania to bring suit under 42 U.S.C. § 1981 in light of the fact that the District Court had jurisdiction over common issues because other individual plaintiffs had standing. Plaintiffs take this failure to reach the standing issue as precedent for an argument that nonindividual plaintiffs are proper parties to a suit as long as individual co-plaintiffs have standing, thus making Lulac Councils proper parties because the individual plaintiffs in this case have standing. The Court finds this argument perplexing and unpersuasive. It illustrates the fact that even if the Court were to consider the Response in deciding the Motion to Dismiss, it would have no persuasive effect.

■ In light of the paucity of the Response, and despite the fact that the Court could automatically grant the Motion to Dismiss as an unopposed motion, the Court feels compelled to briefly address the issue of the standing of the Lulac Councils Plaintiffs. Plaintiffs assert in their Original Complaint that Lulac Councils 4433 and 4436 are "organizations/councils concerned with the betterment of lives, the assurance of equality and job opportunities for persons of Hispanic heritage." (Plaintiffs' Original Complaint, at 2). The Court recognizes that, in the abstract, organizations have standing to sue, either on their own behalf or on behalf of their members. *Warth v. Seldin*, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211–12, 45 L.Ed.2d 343 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 739, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636 (1972). The Original Complaint is not clear as to whether Lulac Councils 4433 and 4436 are suing on behalf of their members or on their own behalf for injury to their own rights and interests. Thus, for the sake of completeness, the Court will address both types of standing.

■ In certain circumstances, associations and organizations may sue on behalf of their members for injury to their members. The Court recognizes this type of representational standing as a beneficial and effective device for certain kinds of expensive litigation, which individuals would not be able to pursue on their own. However, the Court finds that when Congress has created a remedy for individuals and provided for the awarding of attorneys fees to litigants as it has under Title VII, this type of representational litigation is neither necessary nor appropriate. Beyond these considerations, however, the Court is not convinced that the Lulac Councils would meet the specific requirements to bring suit on behalf of the individual plaintiffs in this case even if this were a case appropriate for representational litigation.

■ The Supreme Court has developed a three-part test for determining when an association has standing to bring suit on behalf of its members. An association has "associational standing" when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977). The Court finds that Plaintiffs Lulac Councils 4433 and 4436 fail to meet this test for several reasons, the most basic of which is that individual Plaintiffs Raymond Rubio, Anthony Martinez, and Carmen Parker are not members of the Lulac Councils. Nowhere in their Complaint do Plaintiffs assert that the three individual police officers that were allegedly discriminated against are members of Lulac Councils 4433 and 4436. Under the most basic logic, an organization cannot sue under an "associational standing" theory if the aggrieved parties are not members of their organization. Moreover, the Court finds that under the third prong of the *Hunt* test, the participation of the individual Plaintiffs is required in this lawsuit because of the individualized nature of discrimination cases and because of the nature of the relief sought in the case. Thus, for the aforementioned reasons, the Court finds that Plaintiffs Lulac Councils 4433 and 4436 do not have standing in this case on an "associational standing" theory.

■ Because the Lulac Councils Plaintiffs lack representational standing, they must demonstrate that they have standing on their own behalf. To establish standing, a plaintiff must show that he has suffered an injury in fact that is concrete and particularized, that such injury is traceable to the conduct of the defendant, and that such injury is redressable by the Court. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Plaintiffs Lulac Councils 4433 and 4436 have failed to satisfy the most basic requirement of this test, namely that they suffered an injury at all. Nowhere in the complaint is there an allegation of injury to the Lulac Councils nor is there any indication of how the Lulac Councils are even related to the individual plaintiffs. The factual recitation in the Complaint describes alleged discrimination against the three individual Plaintiffs only and makes no mention whatsoever of the Lulac Councils. Indeed, the only time the Lulac Councils are mentioned in the Complaint, except in the case caption, is in the section identifying and describing the Plaintiffs. In this section of the Complaint, the Lulac Councils are described, as stated above, as "organizations/councils concerned with the betterment of lives, the assurance of equality and job opportunities for persons of Hispanic heritage." (Plaintiffs' Original Complaint, at 2). Even if this description is intended to illustrate the Lulac Councils' interest in the case, it fails to illuminate an injury in fact to the Lulac Councils. An injury to the Lulac Councils' " 'abstract social interests' is too intangible to justify standing." *Cleburne Living Center, Inc. v. City of Cleburne,* 726 F.2d 191, 203 (5th Cir.1984).

The Court finds that the Lulac Councils Plaintiffs have completely failed to show any injury to them resulting from the Defendant's alleged discriminatory treatment of the three individual Plaintiffs. Furthermore, the Lulac Councils themselves suffered no discrimination in the employment setting because they, as organizations, are neither employees of the Defendant nor "individuals" protected from unlawful employment practices under Title VII. *See* 42 U.S.C.A. § 2000e–2(a)(1) (West 1994) (stating that it is unlawful for an employer to "discriminate against any *individual* with respect to his compensation, terms, conditions, or privileges of employment, because of such *individual*'s race, color, religion, sex, or national origin.") (emphasis added). Because a violation of employment rights under Title VII, 42 U.S.C. § 2000e, is the only cause of action asserted in the Complaint, the Court finds that Plaintiffs Lulac Councils 4433 and 4436 have no standing to bring this action against the Defendant. Therefore, given the totality of the circumstances, Defendant's Motion to Dismiss the claims brought by Lulac Councils 4433 and 4436 is **GRANTED.**

■ Simultaneous with their explanation of untimeliness, Plaintiffs filed a Motion for Leave to Amend Complaint and to File Plaintiffs' First Amended Complaint. In their First Amended Complaint, Plaintiffs seek to place Title VI and the issue of injunctive relief as it relates to the Lulac Councils Plaintiffs clearly before the Court. The Court has determined, however, that this action is a straightforward, plain vanilla discrimination case involving three individuals in which no injunctive relief will be granted. Consequently, the Motion for Leave to Amend Complaint and to File Plaintiffs' First Amended Complaint is **DENIED,** and Plaintiffs' First Amended Complaint is **STRICKEN** to the extent that it has already been filed without leave of Court.

■ Additionally, in their Original Complaint, Plaintiffs expressed an intention to bring this action on behalf of a class of Hispanic officers. In its Original Answer, Defendant expressed its opposition to this case being litigated as a class action. While Plaintiffs have not formally moved for class action certification, the Court has decided to consider the issue on its own initiative and sua sponte **DENIES** class certification in this case. The Court finds no identifiable class and emphasizes that discrimination cases turn on individual facts, making them especially unsuitable for certification as class actions.

For the reasons stated above, the Court **STRIKES** Plaintiffs' Response to the Defen-

dant's Motion to Dismiss and **GRANTS** Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. Accordingly, all claims brought by Plaintiffs Lulac Councils 4433 and 4436 against Defendant are **DISMISSED WITH PREJU-DICE.** Furthermore, Plaintiffs' Motion for Leave to Amend Complaint and to File Plaintiffs' First Amended Complaint is **DENIED,** and Plaintiffs' First Amended Complaint is **STRICKEN** to the extent that it has already been filed. Finally, the Court on its own motion **DENIES** class certification. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**